UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WENDOLYN LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1686** |
| **TATYANA MCGEE, ET AL**. | **SECTION: "I"(5)** |

### REPORT AND RECOMMENDATION

In September 2021, Wendolyn Lee filed this *pro se* civil complaint pursuant to 42 U.S.C. § 1983. This is his eighth complaint filed in an improper venue alleging the same set of facts and circumstances related to criminal proceedings in the State of Tennessee. In this complaint, he names as Defendants Tatyana McGee, Delisha Young, Judge Chris Craft, District Attorney Amy Weirich, and attorney James Jones, once again alleging conspiracy, fraud, kidnapping and obstruction of justice and requesting monetary damages in the amount of fifty million dollars. (Rec. doc. 1, Deficient Complaint).

Upon filing, the Clerk's Office notified Lee that the complaint was deficient because it was not on the proper form and he had not paid the required filing fee or submitted an application to proceed *in forma pauperis*. The record indicates that the Clerk mailed this notice, along with the proper forms, to Lee at the address he provided on his complaint and gave him twenty-one days to comply. (Rec. doc. 2). He failed to respond to that deficiency notice.

On October 21, 2021, the undersigned issued an order directing Lee to return the complaint on the approved form and to pay the filing fee or submit a pauper application.

(Rec. doc. 3). He was ordered to respond by November 8, 2021. He was also warned that if he failed to comply with the order, the undersigned would recommend dismissal of his civil complaint. To date, he has failed to comply with the Court's order.

The authority of a federal court to dismiss a plaintiff's action because of failure to prosecute is clear. The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* when necessary to achieve the orderly and expeditious disposition of cases. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962); *McCullough*, 835 F.2d at 1127; *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Grandpre v. Normand*, Civ. Action No. 16-1541, 2018 WL 691650 (E.D. La. Feb. 2, 2018) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Lee has ignored an express Court order to remedy the form deficiency and to pay the required filing fee or submit a completed pauper application. Further, his futile attempts to circumvent proceeding in a court of proper venue[1] and perhaps avoid paying the filing fee, especially

---

[1] A claim asserted in a court of improper venue may either be dismissed or, in the interest of justice, transferred to a court of proper venue. 28 U.S.C. § 1406(a).

considering he has accumulated three strikes in that district,[2] will not be condoned by this Court. For these reasons, Plaintiff's complaint should be dismissed.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or comply with a court order.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this  9th  day of     November    , 2021.

                                                                    _____
                                                                            **MICHAEL B. NORTH**
                                                                **UNITED STATES MAGISTRATE JUDGE**

---

[2]His prior civil complaints were all transferred to the Western District of Tennessee, where it seems he has filed numerous Section 1983 complaints and has now accumulated three strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *Lee v. Craft, et al.*, No. 21-2275-SHM-tmp (W.D. Tenn.).

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.